IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THANG VAN NGUYEN,

       Plaintiff,               No. CIV S-07-2029 DAD

    v.

MICHAEL J. ASTRUE,         ORDER
Commissioner of Social Security,

       Defendant.
_____/

       This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and remand, and defendant's cross-motion for summary judgment.  For the reasons explained below, plaintiff's motion for summary judgment is granted, the decision of the Commissioner of Social Security (Commissioner) is reversed, and this matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

       During a five-year period, plaintiff filed three applications for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act (Act).  The first application was filed on July 13, 2000.  (Transcript (Tr.) at 137-49.)  It was denied initially on November 30, 2000, and upon reconsideration on May 10, 2001.  (Tr. at 121-24, 127-31.)  Pursuant to plaintiff's timely request, a hearing was held before Administrative Law Judge (ALJ)

1

1   Antonio Acevedo-Torres on August 1, 2002; plaintiff, who was represented by attorney Richard

2   Shore, testified through a Vietnamese-speaking interpreter.  (Tr. at 132, 101-118.)  In a decision

3   issued on September 16, 2002, ALJ Acevedo-Torres determined that plaintiff was not disabled

4   through that date.  (Tr. at 42-54.)  On October 2, 2002, plaintiff requested review of the decision

5   by the Appeals Council.  (Tr. at 41.)  On December 9, 2005, the Appeals Council remanded the

6   case for a new hearing and decision because the record upon which the ALJ's decision was based

7   could not be located.  (Tr. at 135-36.)  The remand order noted that plaintiff had filed additional

8   applications for SSI benefits on November 6, 2002, and January 14, 2005.  (Tr. at 135.)  The

9   Appeals Council directed the ALJ to associate the three claim files and issue a new decision on

10  the associated claims after taking any further action needed to complete the administrative

11  record.  (Id.)

12          A remand hearing was conducted by ALJ Stanley R. Hogg on July 13, 2006.  (Tr.

13  at 71-100.)  Plaintiff was again represented by attorney Richard Shore and again testified through

14  a Vietnamese-speaking interpreter.  Chi Kim Nguyen, one of plaintiff's daughters, also testified.

15  In a decision issued on January 18, 2007, ALJ Hogg determined that plaintiff was not disabled

16  through that date.  (Tr. at 14-36.)  The ALJ entered the following findings:

17          1.      The claimant has not engaged in substantial gainful activity
                    since July 6, 2000, the application date (20 CFR 416.920(b)
18                  and 416.971 et seq.).

19          2.      The claimant has the following severe impairments:
                    alcohol dependence, recurrent major depressive disorder,
20                  gastritis, status post stabbing wound and history of
                    Hepatitis A and B (20 CFR § 416.920(c)).
21

22          3.      The claimant's impairments, including the alcohol
                    depedence [sic], meet section 12.04 and 12.09 of 20 CFR
23                  Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

24          4.      If claimant stopped abusing alcohol, the remaining
                    limitations would cause more than a minimal impact on the
25                  claimant's ability to perform basic work activities;
                    therefore, the claimant's recurrent major depressive
26                  disorder, gastritis, status post stabbing wound and history of
                    Hepatitis A and B remain severe absent alcoholism.

                                        2

<table>
<tr><td>5.</td><td>If claimant stopped abusing alcohol, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).</td></tr>
<tr><td>6.</td><td>The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.</td></tr>
<tr><td>7.</td><td>The claimant retains the residual functional capacity for substantially all of the full range of light work, except that he has mental limitations that preclude his ability to work with more than simple and repetitive tasks and his ability to work with frequent contact with supervisors, coworkers and the public, and postural limitations that preclude overhead reaching with his nondominant left upper extremity.</td></tr>
<tr><td>8.</td><td>The claimant has no past relevant work (20 CFR § 416.965).</td></tr>
<tr><td>9.</td><td>The claimant is a 'younger individual' (20 CFR § 416.963).</td></tr>
<tr><td>10.</td><td>The claimant is illiterate and is not able to communicate in English (20 CFR 416.964).</td></tr>
<tr><td>11.</td><td>If the claimant stopped abusing alcohol, based on Social Security Rulings 83-10, 83-14 and 83-15, and considering the claimant's age, education, work experience, and residual functional capacity described above absent alcohol, he would be able to make a successful adjustment to work that existed in significant numbers in the national economy; a finding of "not disabled" is therefore found under the framework of Rule 202.16 of the Medical Vocational Guidelines of Appendix 2, Subpart P, Regulations No. 4 (20 CFR 416.960(c) and 416.966).</td></tr>
<tr><td>12.</td><td>Because the claimant would not be disabled if he stopped abusing alcohol (20 CFR 416.920(g)), the claimant's substance use disorder(s) is a contributing factor material to the determination of disability (20 CFR 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of this decision.</td></tr>
</table>

(Tr. at 35-36.) On June 23, 2007, the Appeals Council denied plaintiff's request for review of ALJ Hogg's decision. (Tr. at 9-11, 12-13.) Pursuant to the request for extension of time granted by the Appeals Council on August 30, 2007, (tr. at 6-8), plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 27, 2007.

3

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under the Social Security regulations. Title 20 of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances two arguments in his motion for summary judgment and remand:  (1) the ALJ failed to properly evaluate and credit the third party testimony of plaintiff's daughter; and (2) the ALJ failed to show that plaintiff could perform substantial gainful work that exists in the national economy.  In support of the latter argument, plaintiff contends that the ALJ failed to properly assess residual functional capacity (RFC), erred in utilizing the grids despite the presence of extensive nonexertional impairments and functional limitations, and erred in failing to obtain the testimony of a vocational expert.  Plaintiff seeks an order remanding the case for a new hearing with instructions to the ALJ concerning the defects asserted by plaintiff. Plaintiff's arguments are addressed below.

## I.  Evaluation of Third Party Testimony and Statements

The Commissioner's own regulation concerning acceptable sources of evidence of impairment requires the ALJ to consider evidence from nonmedical sources, such as family

members, about the severity of the claimant's impairments and how the impairments affect the claimant's ability to function.  20 C.F.R. § 416.913(d)(4).  The testimony and statements of lay witnesses, including family members, about their own observations with respect to the claimant's impairments must be considered and discussed by the ALJ.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Sprague, 812 F.2d at 1231-32; Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  Clearly, family members who see the claimant on a regular basis are competent to testify as to their observations. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); Sprague, 812 F.2d at 1232.

The Ninth Circuit has held that lay testimony about a claimant's symptoms or how an impairment affects the claimant's ability to work "cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  Thus, if the ALJ decides to reject, discount, or disregard the testimony of a lay witness, he must give reasons that are germane to that particular witness.  Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919.  The reasons given for disbelieving the testimony of a lay witness must be supported by substantial evidence. 166 F.3d at 1298.

Here, the lay testimony at issue was given by Chi Kim Nguyen, one of plaintiff's adult children, at the administrative hearing conducted on July 13, 2006.  Plaintiff argues that the ALJ failed to summarize or adequately discuss Ms. Nguyen's testimony, which included statements that her father had always had outbursts of temper "ever since we were little," that drinking actually settled him down quite a bit, that he got more violent when he was not drinking, and that he yelled a lot and talked to himself when he was not drinking.  (Tr. at 94-98.)

The record reflects that the ALJ relied on Ms. Nguyen's testimony that plaintiff continued to drink but did not discuss Ms. Nguyen's testimony about her father's temper and propensity for violence when sober.  In the introduction to his decision, the ALJ described Ms. Nguyen's testimony as follows:

1

2

3

4

> She noted that she and her brothers and sisters do not get along well at times with her father because of his outbursts, temper and verbal and physical abuse.  The claimant's daughter also indicated that her father has not completely stopped drinking, and in fact, testified that he continues to drink a lot and that **he has a very bad temper when drinking**.  When asked how her father felt about his drinking, his daughter said that he felt ashamed.

5   (Tr. at 18 (emphasis added).)  The ALJ's description of Ms. Nguyen's testimony suggests that

6   plaintiff's bad temper results from his drinking, when in fact Ms. Nguyen testified that she

7   believed drinking settles plaintiff down quite a bit and that he is more violent when not drinking.

8

9

10

11

12

13

14

> In his evaluation of the evidence, the ALJ determined that plaintiff
>
> has a substantial history of alcohol abuse.  Although the record shows that the claimant has had brief periods since his protective filing date where he has gone clean and sober, the overwhelming evidence of record indicates that he remains an occasionally active alcohol abuser with a history of multiple episodes of decompensation while intoxicated.  The undersigned further notes that several consultative evaluators have diagnosed the claimant with alcohol dependence, alcohol abuse and/or alcohol withdrawal among other mental disorders at Axis I following mental status examination.

15   (Tr. at 22-23.)  After citing specific medical records that contain diagnoses of alcohol

16   dependence, alcohol abuse, and/or alcohol withdrawal, the ALJ reiterated that plaintiff's daughter

17   "testified that the claimant continues to drink despite his assertions of sobriety" and concluded

18   that "the claimant becomes **more belligerent, violent and often incoherent while abusing**

19   **alcohol** to the point that his mental condition results in marked difficulties in maintaining

20   concentration, persistence and pace and marked difficulties in maintaining social functioning."

21   (Tr. at 23 (emphasis added).)  However, Ms. Nguyen did not in fact testify that plaintiff becomes

22   more belligerent, violent, and incoherent while abusing alcohol.  (See tr. at 94-98.)

23            Based in part on an erroneous interpretation of Ms. Nguyen's testimony, the ALJ

24   determined that, if plaintiff stopped abusing alcohol, he would no longer have an impairment or a

25   combination of impairments that meets or medically equals any listed impairment.  (Tr. at 35.)

26   Although the ALJ found that plaintiff suffers from the severe impairments of alcohol

dependence, recurrent major depressive disorder, gastritis, status post stabbing wound, and history of Hepatitis A and B, and that this combination of impairments meets the requirements of Listed Impairments 12.04 and 12.09 (tr. at 35), the ALJ was unable to find plaintiff disabled because the Contract with America Advancement Act, Pub. L. No. 104-121, 110 Stat. 847 (March 29, 1996), provides that an individual cannot be considered disabled for purposes of benefits under Title II or Title XVI of the Social Security Act if alcoholism or drug addiction is a contributing factor material to the Commissioner's determination of disability.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(J)).[1]

If at any point during the five-step sequential process a claimant is found to be disabled and there is medical evidence of drug addiction and/or alcoholism, the Commissioner must determine whether the claimant's substance abuse is a contributing factor material to the determination of disability.  Id. (citing 20 C.F.R. §§ 404.1535(a) & 416.935(a)).

> The "key factor . . . in determining whether alcoholism or drug addiction is a contributing factor material to the determination of disability" is whether an individual would still be found disabled if she stopped using alcohol or drugs.  20 C.F.R. § 404.1535(b)(1). "In making this determination, [the Commissioner] will evaluate which of [the claimant's] current physical and mental limitations . . . would remain if [she] stopped using drugs or alcohol and then determine whether any or all of [her] remaining limitations would be disabling."  20 C.F.R. § 404.1535(b)(2).

Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998) (alterations in original).  Put another way, if the claimant has a severe impairment or impairments other than drug and/or alcohol addiction, it is necessary to "distinguish between substance abuse contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol."  Id. (emphasis in original).  See also Bustamante, 262 F.3d at 954-55; Ball v. Massanari, 254 F.3d 817, 822 (9th

---

[1]  The two statutes contain identical language providing that individuals "shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."

1    Cir. 2001).  The claimant bears the burden of proving that drug and/or alcohol addiction is not a

2    contributing factor material to his or her disability.  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir.

3    2007).

4            Ms. Nguyen's testimony about plaintiff's temper and his unprovoked violence

5    from the time his children were little, along with her specific testimony that the temper and

6    violence were worse when plaintiff was not drinking, suggests that plaintiff would be impaired

7    by his remaining limitations even if he stopped abusing alcohol.  Despite the fact that the ALJ

8    relied on Ms. Nguyen's testimony regarding plaintiff's continued alcohol abuse, the ALJ did not

9    discuss her testimony about the effect of alcohol on plaintiff's temper and violent outbursts.  The

10   ALJ erred in failing to discuss the third party testimony bearing on the critical issue of whether

11   alcohol abuse is a contributing factor material to plaintiff's disability.

12           "'[W]here the ALJ's error lies in a failure to properly discuss competent lay

13   testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless

14   it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could

15   have reached a different disability determination.'"  Robbins, 466 F.3d at 885 (quoting Stout v.

16   Comm'r, 454 F.3d 1050, 1056 (9th Cir. 2006)).  The court finds that the failure to discuss Ms.

17   Nguyen's competent lay testimony favorable to plaintiff was not a harmless error in this case.

18           Plaintiff has properly moved for remand on the issue of Ms. Nguyen's lay

19   testimony.  The motion will be granted.  On remand, the ALJ must reexamine Ms. Nguyen's

20   testimony, develop the record further if necessary, and reconsider whether plaintiff, if he were to

21   stop abusing alcohol, would still have an impairment or combination of impairments that meets

22   or medically equals any listed impairment.  With regard to plaintiff's tendency to relapse and to

23   under-report his alcohol abuse, the court notes that such tendencies may constitute evidence of

24   plaintiff's alcohol dependency without constituting evidence that plaintiff's mental impairments

25   are not disabling.  See Holohan v. Massanari, 246 F.3d 1195, 1209 (9th Cir. 2001) ("[A]

26   determination that drug addiction and alcoholism 'contributes' to a claimant's disability is

1   importantly different from a determination that [it is a] 'contributing factor[ ] material to' a

2   claimant's disability.  In the former case, but not in the latter, a claimant may be disabled

3   notwithstanding her or his alcoholism or drug abuse.").

4   **II.  Determination of Plaintiff's Ability to Perform Substantial Gainful Work**

5           Plaintiff also challenges the determination that he is able to perform substantial

6   gainful work that exists in the national economy.  Plaintiff attacks the assessment of his RFC,

7   reliance on the grids despite plaintiff's extensive nonexertional impairments and functional

8   limitations, and failure to take the testimony of a vocational expert.  The ALJ's assessment of

9   RFC must be based on all the relevant evidence in the case record.  20 C.F.R. § 416.945(a)(1);

10  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001).  The court finds that it would be

11  premature to consider plaintiff's arguments about his ability to perform substantial gainful work

12  until the ALJ has assessed plaintiff's RFC based on all the relevant evidence in the case record,

13  including Ms. Nguyen's testimony.

14                                  **CONCLUSION**

15          The decision whether to remand a case for additional evidence or to simply award

16  benefits is within the discretion of the court.  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir.

17  1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  The Ninth Circuit has explained

18  that "[g]enerally, we direct the award of benefits in cases where no useful purpose would be

19  served by further administrative proceedings, or where the record has been thoroughly

20  developed."  Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs.,

21  859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting

22  disability claims.  Holohan, 246 F.3d at 1210; Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at

23  1401.  In the present case, the record has not been adequately developed, and it is necessary to

24  remand the case for further proceedings.

25  /////

26  /////

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment and remand (Doc. No. 19) is granted;

2.  Defendant's cross-motion for summary judgment (Doc. No. 20) is denied;

3.  The decision of the Commissioner of Social Security is reversed; and

4.  This case is remanded for further proceedings consistent with the analysis set forth herein.  See 42 U.S.C. § 405(g), Sentence Four.

DATED: June 29, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/nguyen2029.order

11